ALDRICH v. CONCORD & MONTREAL RAILROAD.

The derailment of a freight car having been caused by the defendants' negligence, and the plaintiff having been injured by logs subsequently falling from the car, which would not have fallen except for a weakness of the car stakes occasioned by the derailment, the defendants' negligence is not too remote to sustain the action.

A statement by the plaintiff's counsel, in his argument to the jury, that he did not wish them to be niggardly in the assessment of damages, as it might be repeated on them, and he did not wish any one to say that they were unjust men, is not, as matter of law, so inconsistent with legal fairness of trial that a verdict in favor of his client will be set aside.

CASE, for injuries received by the plaintiff while in the defendants' service as a car inspector. Verdict for the plaintiff. A freight car belonging to another railroad, and received by the defendants from that railroad with its load of lumber, ran off the track in the defendants' yard in Nashua. The lumber was secured upon the car by stakes on each side, fastened together at the top by straps or cross-ties, that is, strips of board nailed to the tops of opposite stakes. The evidence tended to show that by the derailment all the cross-ties were severed, the stakes on the

west side broken, and a portion of the lumber thrown off on that side. While the plaintiff, in the discharge of his duty, was engaged with others in getting the car back on the track, the stakes on the east side, owing to the severance of the cross-ties and perhaps to their being otherwise weakened by the shock of the derailment, broke, and the lumber fell upon him and caused the injury complained of. He contended, and his evidence tended to show, that the derailment was caused by a defect in a switch which for a considerable time before the accident was known to the defendants; and under the rulings of the court he did not contend that the defendants were negligent in any other particular, and the jury were instructed that there was no evidence of any other negligence for which the defendants were responsible.

The defendants objected to the evidence tending to show that the switch was defective, on the ground that "as matter of law the cause of the derailment was not the legal cause of the plaintiff's injury, and that it was immaterial what caused the derailment." At the close of the plaintiff's case they moved for a nonsuit, and, after the evidence on both sides was closed, moved that a verdict be ordered for the defendants. The court overruled the objection and denied the motions, and the defendants excepted.

The plaintiff's counsel in his closing argument said,—"I don't want you to be niggardly in this case; it may be repeated on you, and I don't want some one to say that you were unjust men, that you were unjust in this case." To these remarks the defendants excepted.

*George B. French*, for the plaintiff.

*Robert M. Wallace, Joseph W. Fellows,* and *Bingham & Mitchell*, for the defendants.

BLODGETT, J.   The insufficiency or weakness of the car stakes, which was the immediate cause of the plaintiff's injury, was occasioned by the derailment of the cars; and hence the material question for the jury was, whether such insufficiency or weakness was due to the defendants' want of ordinary care. Upon that question the cause of the derailment was legitimate evidence; and the jury having found upon such evidence, under instructions to which no exception was taken, that the cause was the defendants' defective switch, the switch is to be regarded as the legal cause of the plaintiff's injury. "Whenever the question of remote or proximate cause is raised, it becomes a mixed question of law and fact, to be submitted to the jury under proper instructions." *Stark* v. *Lancaster*, 57 N. H. 88, 93, and cases cited; *Merrill* v. *Claremont*, 58 N. H. 468.

The appeal of the plaintiff's counsel to the jury not to be "niggardly" in the assessment of his client's damages because they

might sometime appreciate niggardliness through personal expe-
rience, was not so inconsistent with legal fairness of trial as to
make it a matter of law that there should be a new trial.

*Exceptions overruled.*

CARPENTER and CHASE, JJ., did not sit: the others concurred.