Belknap, }
Jan. 7, 1902. }

## GILMAN *v.* LACONIA.

Where it is in evidence that the plaintiff in an action against a municipal corporation ran a small baggage express with one horse, the remark of his counsel, that he did not ask for a verdict because his client was a poor man, is not so inconsistent with legal fairness as to require the granting of a new trial.

CASE, for injuries to a horse and wagon. Trial by jury and verdict for the plaintiff. Transferred from the May term, 1901, of the superior court by *Young*, J.

The plaintiff testified without objection that he ran a small baggage express, and that he owned but one horse, for whose death he sought to recover in the action. In his closing argument counsel for the plaintiff said: ["I do not ask for a verdict for my client because he is a poor man,] nor because the city is rich and powerful. I only ask for a verdict if he is entitled to one under the law and the evidence." The defendants excepted to the words enclosed in brackets, on the ground that there was no evidence that the plaintiff was a poor man.

*Edwin H. Shannon*, for the plaintiff.

*Stanton Owen* and *George B. Cox*, for the defendants.

REMICK, J.   Upon the evidence, the plaintiff stood before the
jury as a person who "ran a small baggage express" with one
horse, and the defendants as a municipal corporation.   So far as
having effect upon the jury, the situation was practically as if it
had appeared in express terms that the plaintiff was "poor" and
the defendants "rich and powerful."   The disproportion in power
and resource being already before the jury, the remark of the
plaintiff's counsel in his closing argument,— "I do not ask for a
verdict for my client because he is a poor man, nor because the
city is rich and powerful; I only ask for a verdict if he is entitled
to one under the law and the evidence,"— was, certainly if coun-
sel was taken at his word, calculated to promote rather than pre-
vent a fair trial.   Such may not have been the motive for the
remark, although it is not inconceivable that, in order to appeal
more effectively to the judgment of the jury upon the merits of
the case, counsel may have thought it would be the part of wise
advocacy to disdain all questionable considerations and methods.
However, we cannot say that the remark was "so inconsistent
with legal fairness of trial as to make it a matter of law that there
should be a new trial."   *Aldrich* v. *Railroad*, 67 N. H. 380, 382;
*Gault* v. *Railroad*, 63 N. H. 356, 360, 361.

*Exception overruled.*

All concurred.